*LACY vs. BUHLER*]

Appeal from the third judicial district, the judge of the eighth district presiding.

MARTIN, J. delivered the opinion of the court. This is a suit against the sheriff of East Baton Rouge, in which, damages are

The sheriff cannot surrender property, seized on a fi'fa', to a claimant, who

LACY
*vs.*
BUHLER.

obtains an in-
junction to stay
the sale.

claimed from him, on account of negligence and misconduct in his official capacity, in relation to the execution of a judgment which the plaintiff had obtained against Andrew Miller.

The answer is a general denial, and judgment being rendered in favour of the plaintiff, the defendant appealed.

The important facts of the case, as shown by the evidence, are as follow : The present plaintiff obtained a judgment against one Milton, on which a *fi. fa.* issued, and was levied by the defendant, acting as sheriff, on a mare, and a certain quantity of cotton in the seed, which were afterwards claimed by R. Fickling, and the sale of the property was arrested by an injunction which the claimant had obtained against the sheriff, as appears by the return of the *fi. fa.* This injunction was subsequently dissolved, and another writ of execution issued, on which a small portion of the plaintiff's judgment was satisfied, independent of costs, by the seizure and sale of other property, than that which had been seized under the former execution.

The question of law, arising out of these facts, is, whether the sheriff is justifiable

in the surrender of the property which had been seized in virtue of the first suit, to the claimant, in consequence of the injunction by which the sale had been delayed?

Eastern District
*March*, 1820.

LACY
*vs.*
BUHLER.

Its solution depends principally on the provisions of our Code of Practice, relative "to the opposition of third persons." The art. 395, defines it to be a demand brought by a third person, not originally a party in the suit. for the purpose of arresting the execution of an order of seizure or judgement, rendered in that suit, or to regulate their effects in what relates to him.

If the opposition has for its object, to set aside the order of seizure, as having been effected on property not belonging to the party against whom the order was directed, but owned, on the contrary, by the third person making the opposition, it must be done by means of a petition and citation, served on the party making the seizure, as in ordinary suits; but such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted. Art. 398.

The court may, nevertheless, at the request of the opponent, enjoin the sheriff not to pro-

Eastern District.
*March*, 1830.

LACY
*vs.*
BUHLER.

ceed to the sale of the property thus claimed, provided such opponent give security to the plaintiff for such an amount as the court shall determine, to be responsible for all damages which said plaintiff may sustain, should the opposition be wrongfully made. Art. 399.

When a sheriff is in possession of property by virtue of a seizure, under writ of execution, he must be considered as a rightful possessor, holding for the benefit of the plaintiff in the writ, until it be clearly shown, that the property seized belongs to some third person, and not to the defendant, from whom it may have been taken. An injunction to arrest the sale, would not, therefore, destroy the right of possession acquired under the seizure: and the officer, holding as agent for the plaintiff, cannot surrender property thus held, to a claimant, without making himself responsible in damages for any injury which the plaintiff sustains, in consequence of such unauthorised and illegal surrender — And that which took place in the present case, appears to us to have been entirely gratuitous on the part of the sheriff.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Lawrence & Eustis* for plaintiff, *Watts* for defendant.